[Sac. No. 4590. In Bank.—April 25, 1933.]

JAMES S. TONINI, Plaintiff, Cross-Defendant and Appellant, v. LEVEN C. ERICCSEN, Defendant, Cross-Complainant and Respondent; Z. RUSS COMPANY, Cross-Defendant.

Denver Sevier and Kenneth D. Sevier for Appellant.

Marc F. Morrison and H. C. Nelson for Respondent.

CURTIS, J.—This action was brought to restrain the defendant Ericcsen from permitting waters from Russ Creek, which defendant Ericcsen had diverted on to his own lands, to escape to and on to the lands occupied by the plaintiff, and for damages already sustained by the plaintiff by reason of water escaping from defendant's said lands on to the lands in the possession of the plaintiff. Defendant answered and claimed a right, or easement, to have the waters of Russ Creek flow over and across the said lands, of which the plaintiff was in possession. The question of damages was submitted to a jury and resulted in a verdict of $500 in favor of the plaintiff. The equitable issues involved in the action were then tried by the court, and at the conclusion thereof the court made findings, and upon said verdict and findings, gave judgment in favor of the plaintiff in the sum of $500, and enjoined said defendant from interfering with the natural flow of Russ Creek in such manner as to cause the waters thereof to escape upon the lands of the plaintiff. In the judgment, plaintiff was awarded his jury fees as costs, but the court denied him any further costs. From that part of said judgment denying him his full costs, the plaintiff has appealed. ■ We think the court erred in limiting plaintiff's recovery of costs to jury fees only. Section 1022 of the Code of Civil Procedure provides that, "Costs are allowed of course to the plaintiff, upon a judgment in his favor, in the following cases: (3) In an action for the recovery of money or damages; (5) In an action which involves the title or possession of real estate, . . . " ■ While the present action involved the right of the plaintiff to an injunction, it was also one for the recovery of damages. Furthermore, one of the main issues involved was whether or not the defendant was the owner of an easement to have certain waters from Russ Creek flow over the lands occupied by the plaintiff. Such an action involves the title or possession of real estate. (*Hoyt* v. *Hart*, 149 Cal. 722, 730 [87 Pac. 569].)

■ ''In determining whether a party is entitled to costs as of course in such cases the question does not depend upon the nature of the action,—whether legal or equitable,—but depends rather upon the question whether the case comes within the terms of the statute relating to costs,—namely, section 1022 of the Code of Civil Procedure. And although, as pointed out elsewhere in this article, the granting of costs is usually discretionary in equitable actions, nevertheless, the form of the action is immaterial where the case comes within the provisions of section 1022.'' (7 Cal. Jur., p. 258.) The cases cited in the footnotes in support of the text containing the above statement of law amply support the text and declare the law as set forth therein. Under these decisions we think it was the plain duty of the trial court to allow the plaintiff all costs legally incurred by him in the prosecution of said action. There is nothing to be found in the authorities cited by respondent inconsistent with this conclusion. *Hoyt* v. *Hart, supra,* was a case involving the title or possession of real estate. The plaintiff prevailed, but the trial court apportioned the costs. This was done, as clearly appears from the decision, for the reason that the defendant filed a cross-complaint which involved in like manner the title or possession of real property. Under his cross-complaint, the defendant succeeded in establishing in part the right claimed, and was granted relief to that extent. Under these circumstances it was held that the trial court was justified in apportioning the costs between the parties. In *Smalley* v. *Peckham,* 175 Cal. 146 [165 Pac. 438], and *Gallatin* v. *Corning Irr. Co.,* 163 Cal. 405 [126 Pac. 864, Ann. Cas. 1914A, 74], the court simply held that in equity actions the award of costs was in the discretion of the trial court. In *McCarthy* v. *Gaston Ridge Mill & Min. Co.,* 144 Cal. 542 [78 Pac. 7], plaintiff sought to enjoin a nuisance and to recover judgment for damages sustained by reason of its maintenance. The court gave damages in favor of plaintiff in the sum of fifty dollars, but denied the injunction on the ground that since the commencement of the action, the nuisance had been abated. It also gave judgment in plaintiff's favor for his costs. This judgment was sustained on appeal, the court holding that the action was an equitable one and that it was, therefore, within the power of the court to award costs in favor of the

plaintiff. Had the plaintiff in that action recovered damages in the sum of $300 or more, he would have been entitled as of course to his costs under section 1022 of the Code of Civil Procedure. As the amount of damages recovered was less than $300, the court was without authority to award any costs to plaintiff under said section 1022, but that fact did not prevent the court from acting under section 1025 and in its discretion allowing costs to either party to said action.

We appreciate the fact that there were other complications in this case besides those mentioned above. The Z. Russ Company was a party defendant in said action and defendant Ericcsen established a right to an easement to have the waters of Russ Creek conveyed over and across certain lands belonging to the said last-named defendant, known as the Occidental ranch. These last-named lands were no part of the lands of which the plaintiff was in possession and for the overflow of which he recovered damages against the defendant Ericcsen. The action was tried as a whole, and, on account of the several interests represented therein, the awarding of costs was a matter of considerable difficulty. The trial really involved two actions, one between the plaintiff and Ericcsen on the one hand, and the other between Ericcsen and the Z. Russ Company on the other hand. In the former of these, the plaintiff is entitled to his costs. It will be the task of the trial court to determine what costs were incurred by him in establishing his case and, upon this amount being determined, to award judgment in plaintiff's favor for said amount. The case, in so far as it involves the controversy between defendant Ericcsen and the Z. Russ Company, is also on appeal before this court. The decision of said appeal has this day been filed (*post,* p. 43). It is numbered, Sacramento No. 4620.

That part of the judgment appealed from by the plaintiff Tonini is hereby reversed, and the trial court is hereby directed to modify the same, so that the judgment as modified will provide for the recovery by the plaintiff of his costs incurred at the trial of this action.

Langdon, J., Preston, J., Thompson, J., Seawell, J., Shenk, J., and Waste, C. J., concurred.