Filed 4/30/21; Certified for Publication 5/26/21 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| ANTONIO ARRIAGARAZO et al., | C090980 |
| Cross-complainants and Appellants, | (Super. Ct. No. 161863) |
| v. | |
| BMW OF NORTH AMERICA, LLC, et al., | |
| Cross-defendants and Respondents. | |

Cross-complainants and appellants Antonio Arriagarazo and Alicia Rodriguez de Arriaga (appellants) accepted an offer to compromise their wrongful death suit against cross-defendants and respondents BMW of North America and Bayerische Motoren Werke AG (BMW) pursuant to Code of Civil Procedure section 998,[1] agreeing to sign a general release in exchange for monetary payment. Judgment was entered on the

---

[1]    Undesignated statutory references are to the Code of Civil Procedure.

1

compromise, however the trial court subsequently vacated the judgment as void on the ground that BMW's section 998 offer purportedly did not contemplate entry of judgment. Appellants contend the trial court erred in vacating judgment. We agree with appellants and will reverse the trial court's order.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2014, appellants' son was injured in a car accident. He died in March 2016, and appellants filed this wrongful death action via cross-complaint against BMW in September 2016.

On April 3, 2019, BMW served appellants with an offer to compromise pursuant to section 998. In exchange for $15,000 as "settlement of all claims and causes of action being litigated in this action against [BMW]," appellants would "execute a general release of all claims and causes of action against [BMW], with each side to bear their own costs and attorney fees." The offer did not otherwise specify how the case was to be finally resolved, nor did it include a draft of the proposed general release. Appellants had 30 days in which to accept the offer.

On April 10, 2019, counsel for appellants signed and returned an executed copy of the section 998 offer acceptance form. The same day, appellants filed a notice of settlement indicating a request for dismissal would be filed within 45 days after the settlement. Later that day, counsel for BMW acknowledged receipt and promised to provide a draft general release "shortly."

On April 17, 2019, counsel for BMW e-mailed appellants' counsel a proposed release[2] and informed appellants that BMW "routinely require[ ] a basic confidentiality clause" that would be included in the release. Counsel for appellants asked why the settlement agreement was necessary, given that it was not part of the section 998

---

[2]     The record does not include any attachment to this e-mail.

2

agreement and that a judgment was to be filed.  BMW's counsel replied that in its section 998 offers, "we don't provide for entry of a judgment, instead we provide for settlement and execution of a release exactly for this reason."  Appellants' counsel responded that a simple release would be fine, given that no confidentiality was contemplated or agreed upon.

On May 6, 2019, BMW's counsel sent appellants' counsel a copy of the proposed release.  Under its terms, appellants would agree to release BMW from any claim or cause of action, whether known or unknown, arising from the January 2014 car accident.  Appellants also would provide a general release pursuant to Civil Code section 1542.  The agreement included confidentiality and indemnity clauses.  Finally, appellants would file a request for dismissal with prejudice within five days of receiving the settlement proceeds.  BMW's counsel informed appellants that BMW was "insisting" on the confidentiality clause.

Appellants refused to sign the document prepared by BMW.  Instead, on May 21, 2019, appellants signed and sent a different general release to BMW's counsel, one that did not include confidentiality or indemnity clauses.  It also specified that, because the release arose from the acceptance of a section 998 offer, a written judgment for the court's signature would be filed.  BMW's counsel responded, "Thank you!" and offered to send a check promptly once payee information was received.

Appellants' counsel then sent to BMW's counsel a proposed stipulated judgment reflecting $15,000 in damages.  The judgment stated it was pursuant to the accepted section 998 offer to compromise.  BMW's counsel replied via e-mail that it was not stipulating to entry of a judgment since the section 998 offer "provides for a settlement and release, not entry of judgment."  The stipulated judgment was entered by the trial court on May 28, 2019.

On May 29, 2019, BMW's counsel learned during a court appearance that the judgment had been submitted to the court (but was unaware that it had been entered by

3

the trial court a day before). She e-mailed appellants' counsel expressing "dismay" that appellants' counsel had done so despite her expressed opposition. A legal secretary for appellants' counsel responded that, to the best of her knowledge, the judgment had not yet been signed by the court or filed.

On June 3, 2019, BMW submitted a written objection to entry of the judgment. BMW's counsel still assumed the judgment had not been entered because she had not received any notice from the court.

On September 25, 2019, BMW's counsel learned during a case management conference that judgment had in fact been entered by the court on May 28, 2019. The trial court acknowledged that it had not provided notice of the entry of judgment, and that the judgment had only recently been placed on the docket. The court deemed September 25 to be the date that BMW received notice of entry of the judgment.

On September 26, 2019, BMW's counsel proposed a resolution whereby the judgment would be vacated by stipulation and a request for dismissal would be filed instead, in exchange for execution of a settlement agreement and release *without* a confidentiality clause. Appellants' counsel did not respond to this offer.

On October 10, 2019, BMW moved to vacate the judgment pursuant to section 437, subdivisions (a)(1) and (d), and section 663. BMW argued appellants submitted an erroneous proposed judgment to the court, over BMW's objection. According to BMW, it never stipulated to entry of judgment. BMW requested the court to resolve the matter as provided in the section 998 offer, which BMW argued meant a settlement payment in exchange for a release and a filed request for dismissal. BMW stated it would not require a confidentiality clause in the release.

Appellants objected, arguing the judgment accurately reflected the parties' intent as expressed in the section 998 offer. Appellants also noted they had provided BMW with a copy of the proposed judgment a week before it was entered. In addition, appellants argued that section 998 contemplated and called for entry of judgment, and

4

there was no mistake, fraud, misunderstanding, or other ground that would require the court to vacate the judgment.

After a hearing,[3] the trial court vacated the judgment pursuant to section 473, subdivision (d). Specifically, the court found the judgment was void because it was not contemplated by the terms of the settlement offer. Appellants timely appealed.

## DISCUSSION

Appellants argue the trial court erred in vacating the judgment and abused its discretion in interpreting the section 998 offer as requiring appellants to dismiss their case against BMW as part of the bargain. Appellants note that the offer neither called for a judgment nor a dismissal, and that section 998, subdivision (b) results in a judgment unless otherwise specified in the offer. Given the offer's silence about how the case was to be concluded, appellants argue the contract must be interpreted as including the statutory default of judgment. Appellants argue BMW had the burden of drafting the offer with sufficient precision and cannot later unilaterally add terms and conditions.

BMW contends the trial court properly vacated the judgment because the parties never stipulated to enter judgment under the section 998 offer. Citing *Berg v. Darden* (2004) 120 Cal.App.4th 721 (*Berg*), *American Airlines, Inc. v. Sheppard, Mullin, Richter & Hampton* (2002) 96 Cal.App.4th 1017 (*American Airlines*), and *Goodstein v. Bank of San Pedro* (1994) 27 Cal.App.4th 899 (*Goodstein*), BMW notes there is no requirement that a section 998 offer result in judgment. Without citing any authority, BMW argues the offer's general release requirement conveyed its intention to resolve the matter by way of a dismissal since a release is "normally followed by a request for dismissal." In the alternative, BMW argues that it "immediately clarified" any uncertainty regarding the

---

[3]    The record does not contain a transcript of the hearing.

5

disposition of the litigation in its correspondence with appellants "shortly after the settlement was reached."[4]

We agree with appellants.

We review for abuse of discretion a trial court's decision to grant a section 473 motion and vacate a judgment entered pursuant to a section 998 compromise. (See *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658, 669; see also *Uriarte v. United States Pipe & Foundry Co.* (1996) 51 Cal.App.4th 780, 787.)

Under section 998, a party to a civil action "may serve an offer in writing upon any other party to the action to allow judgment to be taken or an award to be entered in accordance with the terms and conditions stated at that time." (§ 998, subd. (b).) The offer must include "the terms and conditions of the judgment or award." (*Ibid.*) Once the offer is accepted, "the offer with proof of acceptance shall be filed and the clerk or the judge shall enter judgment accordingly."[5] (§ 998, subd. (b)(1).)

Because the section 998 process is contractual, we apply well-established contract law principles to section 998 offers and acceptances, unless there is a conflict with section 998 or applying such principles defeat its purpose. (*T.M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 279-280.) In interpreting a contract, the mutual intention of the parties at the time the contract was formed governs. (Civ. Code, § 1636; *Moss Dev. Co. v. Geary* (1974) 41 Cal.App.3d 1, 9.) We ascertain that intention solely from the words used, but we also consider the circumstances under which the contract was made

---

[4]     To the extent BMW argues the trial court had alternative bases to vacate the judgment under section 473, subdivision (a)(1), and section 663, we note that the trial court stated its ruling was solely based on section 473, subdivision (d). We will limit our review accordingly.

[5]     When a plaintiff does not accept the offer and fails to obtain a more favorable judgment at trial, then the plaintiff cannot recover postoffer costs and must pay the defendant's postoffer costs. (§ 998, subd. (c)(1).)

and the matter to which it relates.  (Civ. Code, §§ 1639, 1647; *Moss Dev. Co., supra*, at p. 9.)  We consider the contract as a whole and give the words their usual and ordinary meaning, unless the words are given a special meaning or used in a technical sense.  (Civ. Code, §§ 1641, 1644; *Moss Dev. Co.*, at p. 9.)  Courts must refrain from altering or rewriting a contract, and they must not "add a term to a contract about which the agreement is silent."  (*Moss Dev. Co.*, at p. 9.)

As our Supreme Court has explained, "[a]lthough the acceptance of a section 998 offer leads to the entry of a judgment (§ 998, subd. (b)(1)), a section 998 offer *may* also require the plaintiff to dismiss the action as a condition of settlement."  (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1155, italics added.)  For example, in both *American Airlines* and *Goodstein*, the court declined to invalidate a section 998 offer that called for dismissal with prejudice, rather than judgment against the defendant.  (*American Airlines, supra*, 96 Cal.App.4th at pp. 1054-1056; *Goodstein, supra*, 27 Cal.App.4th at pp. 905-906.)  The plaintiffs in both cases had argued section 998 requires an offer to include the option of a judgment.  (*American Airlines*, at p. 1054; *Goodstein*, at p. 905.)  The courts disagreed, reasoning that section 998 only requires that the compromise results in a final disposition of the underlying litigation, and a dismissal is the legal equivalent of a judgment in the plaintiff's favor.  (*American Airlines*, at pp. 1055-1056; *Goodstein*, at pp. 906-907.)

However, unlike *American Airlines* and *Goodstein*, the section 998 offer here never specified that appellants would be required to execute a dismissal in exchange for the $15,000 settlement.  Although the offer did require appellants to sign a general release, BMW cites no authority that would require us to treat "general release" as a technical term that would indicate that appellants would have been required to execute a dismissal rather than allow judgment to be entered.  Indeed, as demonstrated by the different general releases drafted by the parties, a general release does not necessarily require dismissal of the underlying lawsuit.

As explained in *Berg*, where a section 998 offer sets out certain settlement terms but fails to specify whether acceptance would result in judgment, an award, or dismissal, "the offer, by virtue of default to the statutory language, is simply intended as one to 'allow judgment to be taken' in exchange for the specified amount of funds." (*Berg, supra*, 120 Cal.App.4th at p. 728.) As the *Berg* court explained, under section 998, entry of judgment is "the expected and standard procedural result unless specific terms and conditions stated in the offer provide otherwise." (*Id*. at p. 730.)

As the drafter, BMW had the duty to make clear in its section 998 offer any intention to stray from the usual path under section 998 of entry of judgment. (See *Taing v. Johnson Scaffolding Co*. (1992) 9 Cal.App.4th 579, 585 [the offeror bears the burden of assuring the offer is drafted with sufficient precision to permit the recipient to meaningfully evaluate it and make a reasoned decision whether to accept it].) If BMW had wished to deviate from the standard procedural result of section 998, it could have proposed a general release coupled with a dismissal or otherwise stated clearly in the offer that dismissal was required. As courts have explained, "[t]he true, subjective, but unexpressed intent of a party is immaterial and irrelevant." (*Vaillette v. Fireman's Fund Ins. Co.* (1993) 18 Cal.App.4th 680, 690 [finding a party had no right to recover attorney fees when he failed to reserve this right in the agreement].)

Given that appellants unconditionally accepted the section 998 offer as written, we are not persuaded that BMW's e-mailed "clarifications" should alter the result.[6] (See *Ignacio v. Caracciolo* (2016) 2 Cal.App.5th 81, 86 [a section 998 offer "must be strictly construed in favor of the party sought to be bound by it"]; *Pazderka v. Caballeros Dimas*

---

[6]    At oral argument, counsel for BMW emphasized that BMW, in an e-mail, objected to entry of a stipulated judgment. This fact is of no legal consequence. Because BMW did not require appellants to dismiss the action as a condition of settlement in its section 998 offer, we default to the text of the statute, which contemplates entry of judgment.

8

*Alang, Inc., supra*, 62 Cal.App.4th at pp. 671-672 [reversing trial court's order to set aside a judgment where counsel had mistakenly failed to include attorney fees and costs in the section 998 offer to compromise]; see also *Poster v. Southern Cal. Rapid Transit Dist.* (1990) 52 Cal.3d 266, 272 [favoring "bright line" rule in interpreting section 998].)

In finding that the section 998 offer did not contemplate judgment, the trial court abused its discretion and modified the offer's terms. We therefore will reverse the trial court's order.

## DISPOSITION

The order vacating judgment is reversed. Appellants are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)


     KRAUSE     , J.


We concur:


     DUARTE     , Acting P. J.


     HOCH     , J.

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| ANTONIO ARRIAGARAZO et al., | C090980 |
| Cross-complainants and Appellants, | (Super. Ct. No. 161863) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| BMW OF NORTH AMERICA, LLC, et al., | |
| Cross-defendants and Respondents. | |

THE COURT:

The opinion in the above-entitled matter filed on April 30, 2021, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports, and it is so ordered.

1

APPEAL from an order vacating judgment of the Superior Court of Butte County, Tamara L. Mosbarger, Judge.  Affirmed.

John Kevin Crowley for Cross-complainants and Appellants.

The Ryan Law Group, Timothy J. Ryan, and Rebekka Martorano for Cross-defendants and Respondents.

BY THE COURT:


    DUARTE    , Acting P. J.


    HOCH    , J.


    KRAUSE    , J.