Filed 2/22/24  Lorta v. Bishop CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JACOB LORTA et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>BISHOP, INC.,<br><br>    Defendant and Respondent. | G062166<br><br>(Super. Ct. No. 30-2018-01006766)<br><br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on February 13, 2024, be modified as follows:

On the caption page delete case number "30-2018-010006766" and insert in its place the following: "30-2018-01006766."

There is no change in the judgment.

                                    SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOODING, J.

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| JACOB LORTA et al., | |
| Plaintiffs and Appellants, | G062166 |
| v. | (Super. Ct. No. 30-2018-010006766) |
| BISHOP, INC., | |
| Defendant and Respondent. | O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Melissa R. McCormick, Judge.  Reversed and remanded.

Donahoo & Associates, Richard E. Donahoo, and Judith L. Camilleri for Plaintiffs and Appellants.

Sheppard, Mullin, Richter & Hampton, Richard J. Simmons, and Robert Mussig for Defendant and Respondent.

\*        \*        \*

Plaintiffs Jacob Lorta, Warren Little, Jorge Lopez, Douglas Boal, and Daniel Velasco appeal from the court's denial of their motion to recover attorney fees from defendant Bishop Inc. (Bishop). After plaintiffs initiated the instant action for recovery of wages, Bishop voluntarily paid certain wages to plaintiffs. The parties also reached a stipulation for settlement whereby Bishop would pay $225,000 to plaintiffs in "new money." The agreement indicated each party would bear its own attorney fees and costs. Bishop ultimately did not sign a long form settlement agreement and made no payment under the stipulation for settlement. Plaintiffs then filed a motion to enforce the settlement agreement pursuant to Code of Civil Procedure section 664.6. After writ and appellate proceedings, plaintiffs successfully enforced the settlement agreement.

Plaintiffs thereafter filed a motion for attorney fees seeking to recover fees they incurred after Bishop's deadline to pay under the settlement agreement. This included attorney fees incurred to enforce the settlement agreement and fees to litigate the case to trial while simultaneously seeking to enforce the agreement. In denying plaintiffs' motion for attorney fees, the trial court held plaintiffs prevailed on their interpretation of the settlement agreement, and the agreement stated each party would bear its own fees and costs. The court emphasized plaintiffs had not prevailed under any statute because there was no adjudication of any claims.

On appeal, plaintiffs contend the court erred because they were prevailing parties entitled to attorney fees under Labor Code sections 1194 and 226[1] as well as Code of Civil Procedure section 1021.5. They claim they were prevailing parties because they obtained a net monetary recovery in the lawsuit, and the relevant statutes do not require an adjudication of liability. (Code Civ. Proc., § 1032, subd. (a)(4).) For the reasons below, we agree plaintiffs were prevailing parties under section 1194 and are entitled to any post-settlement attorney fees incurred to litigate the action prior to trial. But

[1] All further statutory references are to the Labor Code unless otherwise stated.

2

plaintiffs are not entitled to any fees incurred to enforce the settlement agreement. We accordingly reverse and remand for the trial court to conduct further proceedings consistent with this opinion.

## FACTS[2]

*The Underlying Lawsuit*

"In July 2018, the five individual plaintiffs filed a complaint against Bishop, alleging they were employed in various construction capacities on public works projects for which Bishop was a contractor. They asserted six causes of action: (1) failure to pay wages and overtime; (2) failure to pay prevailing wages on public works; (3) failure to pay wages of terminated or resigned employees; (4) failure to provide or otherwise compensate for missed meal and rest breaks; (5) recovery under public works bonds; and (6) unfair competition in violation of Business and Professions Code section 17200 et seq.

"In November 2018, Bishop wrote a letter to plaintiffs' counsel stating it had 'discovered an inadvertent shortfall in the payment of wages made to [plaintiffs].' It enclosed checks for each plaintiff that, in aggregate, amounted to $112,410.66. The payments were broken down by checks for each plaintiff's wages (less withholdings) and penalties and interest (without any withholdings). Bishop claimed in the letter that these checks fully compensated plaintiffs for back wages, interest, and waiting time penalties. It stated, 'Bishop is providing these payments in good faith based on its discovery of this inadvertent payroll error in 2016. *These payments are not conditioned on any settlement or release proposal.*' (Italics added.) The letter went on to acknowledge that these

---

[2] We summarize some facts from an unpublished opinion issued by another panel of this court in a prior appeal. (*Lorta et al. v. Bishop, Inc.* (Sept. 8, 2021, G059175) (*Lorta I*).) We also grant plaintiffs' request that we take judicial notice of the record in the prior appeal along with documents related to writ proceedings and a petition for review.

3

payments did not cover meal and rest break violations, which Bishop denied, but it included a settlement offer pursuant to Code of Civil Procedure section 998. That offer is not in our record but was presumably rejected.

"The parties commenced discovery and eventually began informal settlement negotiations that reached a point where the parties mutually agreed to suspend litigation activities while they pursued a settlement. To facilitate those discussions, the court continued the trial date from July 2019 to January 2020.

"The parties' settlement negotiations culminated in a mediation on May 28, 2019. At that mediation, the parties executed a three-page stipulation for settlement. Pursuant to that stipulation, Bishop agreed to pay plaintiffs 'the total sum of $225,000 in "new money" in full settlement and compromise of this action and in release and discharge of any and all claims and causes of action . . . .' The words 'in "new money"' were handwritten and inserted by interlineation into the agreement. Although the stipulation stated that plaintiffs would later provide Bishop with 'a standard form of a Release of all . . . claims,' it was binding, stating 'that the settlement and compromise stated herein is final and conclusive forthwith, and each attorney represents that his/her client(s) has freely consented to and authorized this agreement.' Elsewhere it stated, 'Any provisions of Evidence Code §§ 1115-1128 notwithstanding, this Stipulation is binding and, if the parties request the court to retain jurisdiction for purposes of enforcement, may be enforced by a motion under Code of Civil Procedure § 664.6 . . . . This Stipulation may also be enforced by any other procedure permitted by law in the applicable state or federal court.' 'Prior to the entry of a Dismissal with Prejudice, the parties agree to request the court to retain jurisdiction for purposes of enforcing this Stipulation pursuant to California Code of Civil Procedure § 664.6.' The stipulation provided that payment pursuant to the settlement was to be made by June 29, 2019.

"Over the ensuing two weeks, the parties' respective attorneys negotiated a long form settlement agreement to a point where both sides had agreed on its terms. The long form settlement agreement provided, without objection from Bishop's counsel, that Bishop would pay plaintiffs $225,000 in "new additional money." It further provided a breakdown of exactly how the $225,000 would be divided among the plaintiffs. On June 7, 2019, Bishop's counsel wrote, 'we will sign it immediately if you can get the signatures back to us quickly and, if so, everything should be fine to make the payment by June 29.' On June 14, 2019, after plaintiffs forwarded Bishop all of the signatures it requested, Bishop's counsel stated, 'Thank you, I will get my client's signatures and start preparing the checks.'

"As the payment deadline approached without any executed settlement from Bishop, plaintiffs' counsel began making inquiries. On June 27, 2019, just two days before the payment deadline, Bishop's counsel acknowledged that Bishop was refusing to sign the agreement. No reason was given other than "buyer's remorse." Ultimately, Bishop did not sign the long form settlement agreement and made no payment under the stipulation for settlement.

"The following month, plaintiffs filed a motion to enforce the settlement pursuant to Code of Civil Procedure section 664.6. Plaintiffs' motion did not address whether 'new money,' as contemplated by the settlement, included the prior payment of $112,000 because, up to that point, Bishop had never made that claim.

"In response to the motion, Bishop changed counsel and opposed the motion. In its opposition, Bishop now took the positions that (1) the settlement was an unenforceable agreement to agree, and (2) the earlier payment 'extinguished some or all' of plaintiffs' claims. Bishop's president provided a declaration in which he stated, 'My understanding was that as part of any final agreement, Bishop would only be required to pay the *difference* between the amount stated in the Stipulation — $225,000 — and the amount Bishop had already paid to Plaintiffs to resolve most of the claims in the case —

5

approximately $112,000. In other words, I understood that if the parties were able to reach agreement on a Long Form Settlement, Bishop would only be obligated to pay Plaintiffs an additional $113,000 as part of the deal.' This was the first time Bishop had ever made this claim.

"The court ultimately rejected Bishop's claim that the stipulation for settlement was merely an agreement to agree, but it concluded there had been no meeting of the minds as to the amount of the settlement. The court was persuaded by Bishop's claim in the letter accompanying the earlier $112,000 payment that the checks were to fully compensate plaintiffs for the wage claims. The court commented, 'The cover letter would seem to say it all; however, there is one very curious sentence in the letter that now sits near the heart of the pending dispute. In the letter, defense counsel offered that "these payments are not conditioned on any settlement or release proposal." On its face, this just means that payments were admittedly owed and defendant was offering the money in good faith without *quid pro quo.* What the letter should have said was that plaintiffs' acceptance and deposit of the funds would be treated as an accord and satisfaction for the aforementioned portion of their lawsuit.' The court also credited Bishop's president's declaration that he believed the settlement amount was for $113,000. It gave plaintiffs the option to either ratify Bishop's understanding that the amount was $113,000, or resume litigation of the claims.

"About a month later, plaintiffs petitioned this court for a writ of mandate. We summarily denied it. Plaintiffs filed a petition for review in the California Supreme Court, who granted the petition and transferred the matter back to this court with directions to vacate the denial and to issue an alternative writ to the trial court. We complied.

"After further briefing, the trial court modified its order, but essentially adopted its initial rationale, this time enforcing the settlement agreement, but granting Bishop a credit of $112,000. Our court discharged the alternative writ and dismissed the

6

initial writ petition.  The trial court entered judgment, and plaintiffs appealed." (*Lorta I*, *supra*, G059175.)

In September 2021, another panel of this court reversed the judgment and instructed the trial court to enter a new judgment in favor of plaintiffs in the amount of $225,000 with no credit for the earlier payment of approximately $112,000.  (*Lorta I*, *supra*, G059175.)  In February 2022, the trial court entered judgment as ordered by this court.

*Plaintiffs' Motion for Attorney Fees*

In April 2022, plaintiffs filed a motion seeking $331,261.25 in attorney fees.[3]  These fees were incurred after June 29, 2019, the deadline for Bishop to pay $225,000 pursuant to the parties' settlement agreement.  Plaintiffs claimed they were entitled to fees under sections 1194, 226, and Code of Civil Procedure section 1021.5.  They also argued the fees were not anticipated or released in the settlement agreement.

In opposition, Bishop argued there was no contractual or statutory basis to award attorney fees.  As to the former, Bishop emphasized plaintiffs prevailed on a breach of contract claim and "won" their motion to enforce a settlement agreement, which stated each party would bear its own attorney fees and costs.  As to the relevant statutes, Bishop claimed sections 1194, 226, and Code of Civil Procedure section 1021.5 all require a party to prevail on his or her substantive claims to recover fees.  But plaintiffs did not prevail on any claims because there was no trial or determination by the trial court regarding the merits of plaintiffs' claims.  To the extent plaintiffs prevailed, Bishop argued it was on a breach of contract claim arising from the parties' settlement agreement.

---

[3] The attorney fees were based on a lodestar amount of $265,009 and a requested multiplier of 1.25.

In November 2022, the court denied plaintiffs' motion for attorney fees. The court found plaintiffs sought fees incurred to enforce the parties' settlement agreement, which included the filing of a motion to enforce the settlement, writ proceedings, continued litigation in the trial court, and plaintiffs' appeal of the trial court's second ruling. While plaintiffs prevailed on their interpretation of the settlement agreement, the court emphasized the agreement stated each party would bear its own fees and costs. Finally, the court was not persuaded plaintiffs could recover fees pursuant to sections 1194, 226, or Code of Civil Procedure section 1021.5. The court held those statutes provide for attorney fees under certain circumstances, "but plaintiffs cite no authority holding those circumstances include successfully enforcing a settlement agreement reached before adjudication of the substantive merits of plaintiffs' claims."

Plaintiffs timely appealed.


DISCUSSION

Plaintiffs contend the court erred because they prevailed under the relevant statutes by obtaining a net monetary recovery in the action. According to plaintiffs, the statutes do not require an adjudication of liability. We agree with plaintiffs' interpretation of section 1194, but not section 226 or Code of Civil Procedure section 1021.5. While the parties' settlement agreement indicated the parties would bear their own attorney fees and costs, it was silent as to any fees incurred after the settlement agreement to either continue litigating the action to trial or to enforce the agreement. As such, any fees plaintiffs incurred to continue litigating the action are recoverable under section 1194. Those post-settlement attorney fees are not expressly barred by the settlement agreement. But any fees plaintiffs incurred to enforce the settlement agreement are not recoverable as those efforts were governed by the terms of the contract. Under the American rule codified in Code of Civil Procedure section 1021,

8

attorney fees incurred to enforce the settlement agreement are not recoverable because they are not expressly authorized by the terms of that agreement.

*Standard of Review and Applicable Law*

We review a denial of attorney fees for an abuse of discretion. (*N.S. v. D.M.* (2018) 21 Cal.App.5th 1040, 1053.) We likewise review prevailing party determinations for an abuse of discretion. (*Arias v. Katella Townhouse Homeowners Assn., Inc.* (2005) 127 Cal.App.4th 847, 852.) But we independently review issues of statutory interpretation. (*N.S.*, at p. 1053.) De novo review also "is warranted where the determination of whether the criteria for an award of attorney fees and costs . . . have been satisfied amounts to statutory construction and a question of law." (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142.)

"'Whether a party to litigation is entitled to recover costs is governed by Code of Civil Procedure section 1032, which provides, in subdivision (b), that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding."'" (*Carver v. Chevron U.S.A., Inc.*, supra, 97 Cal.App.4th at p. 143.) Code of Civil Procedure section 1032 defines prevailing party as including "*the party with a net monetary recovery*, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (Code Civ. Proc., § 1032, subd. (a)(4), italics added.) "Under Code of Civil Procedure section 1033.5, subdivision (a)(10), attorney fees are allowable as costs under Code of Civil Procedure section 1032, 'when authorized by any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law.'" (*Carver*, at p. 143.)

Here, the parties dispute whether attorney fees are authorized by statute — namely, section 1194, section 226, and Code of Civil Procedure section 1021.5. Some of

9

plaintiffs' claims were based on those statutes.  We address each in turn below along with the settlement agreement's attorney fee provision.

*Statutory Basis for Attorney Fees*

A.  Section 1194

Plaintiffs contend attorney fees are authorized by section 1194 because they were prevailing parties under the statute by obtaining a net monetary recovery.  (Code Civ. Proc., § 1032, subd. (a)(4).)  They emphasize Bishop voluntarily paid $112,410.55 in November 2018 and later paid $225,000 pursuant to the settlement agreement they successfully enforced.  Plaintiffs point to other cases where courts have allowed the recovery of costs after a settlement.  (See, e.g., *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1154 (*DeSaulles*) ["The cases make clear that if a settlement agreement, compromise offer pursuant to [Code of Civil Procedure] section 998, or stipulated judgment is silent on the matter of costs, the plaintiff is not barred from seeking costs"]; *Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 679 ["absent affirmative agreement of the parties to the contrary, the trial court retains jurisdiction after the filing of a compromise agreement to entertain a cost bill"].)  Bishop disagrees, claiming plaintiffs did not prevail on their statutory claims as there was no trial or determination regarding those claims.  Instead, Bishop claims plaintiffs only prevailed on a breach of contract theory — namely, their interpretation of the settlement agreement.  While Bishop's contention is not without some facial appeal, we agree with plaintiffs' interpretation on the prevailing party inquiry.

Our role in construing a statute is to ascertain the intent of the Legislature. (*Webster v. Appellate Division of Superior Court* (2020) 51 Cal.App.5th 676, 680.)  "Our first step is to scrutinize the words used in the statute and give them a plain and commonsense meaning.  If the language is clear and unambiguous, there is no need for construction or for resort to indicia of the Legislature's intent.  However, the literal

10

meaning of a statute must be aligned with its purpose. Therefore, the meaning of a statute may not be determined from a single word or sentence. The words must be construed in context, and provisions relating to the same subject matter or that are part of the same statutory scheme must be read together and harmonized to the extent possible." (*Bode v. Los Angeles Metropolitan Medical Center* (2009) 174 Cal.App.4th 1224, 1236-1237.)

Section 1194 "is a 'one-way' fee-shifting statute" allowing employees to recover attorney fees in a successful action for minimum wage or overtime compensation. (*Bell v. Farmers Ins. Exchange* (2001) 87 Cal.App.4th 805, 829 (*Bell*).) Section 1194 provides: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to *the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including* interest thereon, reasonable *attorney's fees*, and costs of suit." (*Id.*, subd. (a), italics added.)

Here, the plain language of section 1194 states an employee is entitled "to recover in a civil action" the full amount of unpaid minimum wages or overtime compensation, including attorney fees. (§ 1194, subd. (a).) The key issue then is whether the parties' settlement agreement constituted a recovery in a civil action within the meaning of section 1194. In *Bell*, *supra*, 87 Cal.App.4th 805, the court considered this language in section 1194 — "to recover in a civil action" — and held it referred "to a recovery by judgment." (*Bell*, at p. 831.) A judgment is defined as "the final determination of the rights of the parties in an action or proceeding." (Code Civ. Proc., § 577.) The settlement agreement had precisely this effect because it was a final determination of the parties' rights. (*Greatorex v. Board of Administration* (1979) 91 Cal.App.3d 54, 58 ["a stipulated judgment is a decision on the merits"].) And a plaintiff obtaining a "net monetary recovery" in a settlement can be a prevailing party under Code

11

of Civil Procedure section 1032, subdivision (a)(4) and therefore able to recover costs, which might include attorney fees. (*DeSaulles*, *supra*, 62 Cal.4th at p. 1158 [holding a plaintiff who is paid money in a favorable settlement obtains a "net monetary recovery" within the meaning of Code of Civ. Proc., § 1032].)

Bishop concedes *DeSaulles*, *supra*, 62 Cal.4th 1140 "does hold that a plaintiff who obtains a favorable settlement can, in the absence of contract language to the contrary, be considered a prevailing party entitled to recover litigation costs . . . ." But Bishop claims the language of section 1194 "makes clear that [it] require[s] a court determination that a violation actually occurred in order to establish any entitlement to attorneys' fees."

Relying on *Bell*, *supra*, 87 Cal.App.4th 805, Bishop argues attorney fees under section 1194 are only recoverable after entry of a judgment providing for recovery of unpaid minimum wages or overtime compensation. In *Bell*, the class action plaintiffs prevailed on a motion for summary adjudication and moved for an interim award of attorney fees under section 1194. (*Bell*, at pp. 808-809.) The court held section 1194 could not be applied to award interim attorney fees. (*Bell,* at p. 833.) In reaching this conclusion, the court interpreted the key language in section 1194 — "to recover in a civil action" — to mean "a recovery by judgment." (*Bell,* at p. 831.) *Bell* accordingly addressed "recovery" in a different context and compared a "judgment" with an "interim" nonfinal order.

Here, while plaintiffs' recovery was by settlement, it was not an award based on an interim ruling. The civil action was complete, and no further issues needed to be adjudicated. If a "recovery" under section 1194 does not include money obtained via settlement, employees would be disincentivized to settle these claims because they would forfeit their statutory right to attorney fees.

12

Bishop's reliance on *Linton v. County of Contra Costa* (2019) 31 Cal.App.5th 628 also is misplaced. In *Linton*, the court affirmed a denial of statutory fees to a plaintiff who had sued under the Unruh Civil Rights Act (Civ. Code, § 51 et seq.) and the California Disabled Persons Act (Civ. Code, § 54 et seq.) and recovered a judgment based on a Code of Civil Procedure section 998 compromise. (*Linton*, at p. 631.) The court acknowledged a plaintiff who obtains a judgment pursuant to a section 998 compromise may be a prevailing party for purposes of costs. (*Linton*, at p. 632.) But where the accepted offer is silent on attorney fees, it supports such an award if "attorney fees are authorized by statute or contract." (*Ibid.*) The court then noted the Unruh Civil Rights Act "only 'authorizes an award of attorney fees to a person "denied the rights provided in [Civil Code] Section 51, 51.5, or 51.6."'" (*Id.* at p. 633.) Likewise, the court emphasized the California Disabled Persons Act provides that "'[a]ny person . . . who denies or interferes with admittance to or enjoyment of the public facilities . . . or otherwise interferes with the rights of an individual with a disability . . . is liable for . . . attorney's fees . . . suffered by any person denied of the rights provided in [Civil Code] Sections 54, 54.1, and 54.2.'" (*Linton*, at p. 634.) The court concluded attorney fees were not authorized by the relevant statutes because they required a finding of liability. (*Id.* at pp. 634-635.)

Unlike the statutes in *Linton*, section 1194 does not require a finding of liability to recover attorney fees. It only states that an employee is entitled "to recover in a civil action" the full amount of unpaid minimum wages or overtime compensation, including attorney fees. (§ 1194, subd. (a).) A "recovery" of wages "in a civil action" under section 1194 includes recovery by settlement.

For the foregoing reasons, the court erred by finding plaintiffs were not prevailing parties under section 1194. Even so, we must consider the parties' settlement agreement because plaintiffs can only recover attorney fees in the absence of contract language to the contrary. (*See DeSaulles*, *supra*, 62 Cal.4th at p. 1158.) Indeed,

13

plaintiffs concede they can recover statutory attorney fees "*unless* they were contractual [*sic*] precluded from such a recovery due to the settlement agreement." (Italics added.) We discuss this issue *post*.

B.  Section 226

Section 226 provides: "*An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision* (*a*) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and *is entitled to an award of costs and reasonable attorney's fees*." (*Id*., subd. (e)(1), italics added.)

The statute clearly indicates attorney fees are only available if the employee suffered "injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) . . . ." (§ 226, subd. (e)(1).) Because the parties' settlement agreement does not establish these necessary requirements, attorney fees are not authorized under section 226.

C.  Code of Civil Procedure Section 1021.5

While the unfair competition law does not provide for attorney fees, a prevailing plaintiff can seek attorney fees as a private attorney general pursuant to Code of Civil Procedure section 1021.5. (*Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1179.) Section 1021.5 provides: "Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of

14

private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any."

A plain reading of Code of Civil Procedure section 1021.5 indicates attorney fees are only allowed if three requirements are met: (1) a significant benefit was conferred on the public or large class of people; (2) the necessity and financial burden of private enforcement makes the award appropriate; and (3) the attorney fees would not be paid out of the recovery. But plaintiffs provide no substantive discussion of the statute. Their assertion that they obtained a net monetary recovery also does not address the necessary requirements to recover attorney fees under Code of Civil Procedure section 1021.5. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 ["We may . . . 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which [plaintiffs] reached the conclusion [they] want[] us to adopt"].) Attorney fees are not authorized under Code of Civil Procedure section 1021.5.

*The Settlement Agreement's Attorney Fees Provision*

As noted *ante*, plaintiffs can recover attorney fees under section 1194 unless they were precluded from such recovery due to the settlement agreement. The parties' settlement agreement states: "Unless otherwise stated herein, each party will bear its own attorneys' fees and court costs." Given this language, plaintiffs clearly cannot recover attorney fees incurred before they entered into the settlement agreement. Indeed, they did not try to recover those fees. The key issue is whether they also forfeited any right to fees incurred after the settlement agreement.

15

To the extent plaintiffs engaged in litigation to enforce the settlement agreement, those efforts were contractual in nature.  In other words, plaintiffs prevailed on their interpretation of the settlement agreement, and their right to those attorney fees is governed by contract, not section 1194.  "Ordinarily, pursuant to the American rule, a party must pay for its own attorney fees unless a contract or statute provides authority for recovery of attorney fees . . . ."  (*Mega RV Corp. v. HWH Corp.* (2014) 225 Cal.App.4th 1318, 1337.)  Here, the settlement agreement indicates the parties would bear their own attorney fees and costs, and the agreement is otherwise silent as to any future fees incurred to enforce the agreement.  Because the settlement agreement does not explicitly authorize attorney fees for any efforts to enforce the agreement or for a breach of the agreement, plaintiffs are not entitled to recover those attorney fees.[4]  As Bishop notes, this is simply the reality in any breach of contract dispute where the contract does not provide for fees.  A plaintiff in a breach of contract case will always incur fees, but they cannot recover those fees absent a provision providing for fees.  (*Pellegrini v. Weiss* (2008) 165 Cal.App.4th 515, 534-535; *Myers Building Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 975.)

---

[4] Unlike the settlement agreement, the draft long form agreement that Bishop never signed allowed the parties to recover attorney fees and costs related to enforcement of the agreement.  It stated:  "[I]n the event any of the Parties shall commence any action, motion, or legal proceedings against any other Party to enforce the terms of this Agreement, or to declare any rights or obligations under this Agreement, as a result of a breach of any covenant or condition . . . , the prevailing Party in any such action, motion or proceeding shall be entitled to recover from the losing party its attorney's fees and costs . . . ."

Plaintiffs emphasize they did not only incur fees to enforce the settlement agreement because they also engaged in discovery and trial preparation after Bishop refused to pay under the settlement agreement. To the extent plaintiffs continued litigating the case to trial while they simultaneously sought to enforce the settlement, those attorney fees are recoverable under section 1194. As detailed *ante*, plaintiffs were prevailing parties under section 1194 so they are entitled to their statutory fees unless barred by contract. Here, the settlement agreement states the parties would bear their own attorney fees and costs, but it is evident the parties contemplated fees and costs incurred up to the point of the settlement. The settlement agreement is silent as to whether a party can recover statutory fees and costs incurred *after* the agreement because of the other party's refusal to comply with the settlement. (*DeSaulles*, *supra*, 62 Cal.4th at p. 1154 ["compromise agreements '"regulate and settle only such matters and differences as appear clearly to be comprehended in them by the intention of the parties and the necessary consequences thereof, and do not extend to matters which the parties never intended to include therein, although existing at the time"'"].) Because the settlement agreement does not contractually bar the recovery of post-settlement statutory fees, the court erred by denying those fees. On remand, the court should determine the amount of reasonable attorney fees incurred by plaintiffs to litigate the action after June 29, 2019. If feasible, the court also may consider whether to apportion fees to any section 1194 causes of action. To be clear, the recoverable fees do not include attorney fees plaintiffs incurred to enforce the settlement agreement.

## DISPOSITION

The postjudgment order denying plaintiffs' motion for attorney fees is reversed, and the matter is remanded to the trial court to conduct additional proceedings to determine the amount of reasonable attorney fees plaintiffs are entitled to receive. Those attorney fees include fees plaintiffs incurred to litigate the action after June 29,

17

2019, but they do not include attorney fees incurred to enforce the settlement agreement, which are not recoverable.  If feasible, the court may consider whether to apportion fees to any section 1194 causes of action.  Plaintiffs to recover costs on appeal.


                                                    SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


GOODING, J.


18