Filed 12/11/24  Fillerup v. Franchise Tax Board CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DAVID FILLERUP,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>FRANCHISE TAX BOARD,<br><br>  Defendant and Respondent. | C099158<br><br>(Super. Ct. No. 34-2022-00328966-CU-MC-GDS) |

Prevailing parties in civil actions generally are entitled to recover their costs as a matter of right.  (Code Civ. Proc., § 1032, subd. (b) [references to statutory sections that follow are to the Code of Civil Procedure].)  For purposes of section 1032, and "unless the context clearly requires otherwise," a prevailing party includes, among others, the party with a net monetary recovery, and a defendant in whose favor a dismissal was entered.  (§ 1032, subd. (a)(4) [first sentence].)

1

Section 1032 also defines when a trial court has discretion to award costs. The statute states that if any party recovers "other than monetary relief and in situations other than as specified," the trial court shall determine who is the prevailing party. Under those circumstances, the court in its discretion may or may not allow costs. If it allows costs in that instance, it may apportion costs between the parties. (§ 1032, subd. (a)(4) [second sentence].)

In pro. per. plaintiff David Fillerup contends the trial court erred when it granted a motion filed by defendant Franchise Tax Board (the Board) to strike his memorandum of costs following his dismissing this action without prejudice. He dismissed the action because the Board had granted him the nonmonetary relief he had sought. The court found that the Board was the prevailing party as a defendant in whose favor a dismissal was entered and was thus entitled to costs as a matter of right. The court rejected plaintiff's argument that he was the prevailing party as a party with a net monetary recovery from the Board's granting him the requested relief. The court also found that plaintiff did not qualify as a prevailing party under any of the other categories in section 1032.

On appeal, plaintiff asserts the trial court erred by concluding the Board was entitled to costs as a matter of right. The court should have exercised its discretion to determine the prevailing party under the second sentence of section 1032 and considered whether plaintiff was the prevailing party because he recovered other than monetary relief or in a situation other than those specified in the statute. (§ 1032, subd. (a)(4).) Plaintiff also asks us to address additional arguments the Board had raised in support of its motion to strike.

We reverse the trial court's order.

## FACTS AND HISTORY OF THE PROCEEDINGS

Plaintiff filed this action seeking declaratory and injunctive relief concerning the Board's mishandling of his payment of estimated taxes. Plaintiff alleged that on December 14, 2021, he mailed to the Board an estimated tax payment in the amount of $1,500. He designated in writing that the estimated payment was to be applied to the 2021 tax year.

The Board received plaintiff's estimated tax payment. However, contrary to plaintiff's designation and allegedly in violation of Revenue and Taxation Code section 19007 and the Board's administrative policy, the Board applied the payment to plaintiff's 2020 taxes. The Board did not notify plaintiff of its action.

Meanwhile, the Board notified plaintiff in two separate notices that he owed additional sums for his 2020 taxes. The first notice demanded plaintiff pay $5,987.48. The second notice demanded plaintiff pay another $4,763.64. Plaintiff paid both amounts totaling $10,751.12 to the Board under protest.

In February 2022, the Board issued refunds to plaintiff in the amount of $9,101.13. In response, plaintiff demanded that the Board refund him an additional $1,649.99, the difference between the amount he had paid under protest and the amount the Board had refunded him. Plaintiff also asked the Board to allocate the $1,500 estimated tax payment to the 2021 tax year. The Board did not respond to plaintiff's demand.

On June 7, 2022, plaintiff submitted a formal claim for refund to the Board. He again asked the Board to refund $1,649.99 and to allocate the $1,500 estimated tax payment to the 2021 tax year. On August 18, 2022, the Board issued a refund to plaintiff in the amount of $3,195.71 for the 2020 tax year. This amount included refunds of $1,649.99 for the 2020 tax year and $1,500 for the estimated tax payment.

Plaintiff returned the refund in total to the Board. He demanded that the Board reissue a refund for $1,649.99 and that it allocate the $1,500 estimated tax payment to the

3

2021 tax year as he had originally requested. On October 10, 2022, however, the Board reissued a refund to defendant in the amount of $3,195.71, again combining the refund claimed for $1,649.99 and the estimated tax payment of $1,500.

Plaintiff filed this action against the Board on October 27, 2022. He sought declaratory and injunctive relief that the Board's allocation of the $1,500 estimated tax payment to his 2020 taxes violated Revenue and Taxation Code section 19007 and administrative policy and his right to due process. He also prayed that the court enjoin the Board to apply the estimated tax payment to his 2021 taxes as of the date the Board received the payment.

The Board filed a demurrer against the complaint. It argued that no justiciable controversy existed. On December 14, 2022, the Board's Taxpayer Rights Advocate had issued a letter to plaintiff informing him the Board had applied his $1,500 estimated tax payment to the 2021 tax year as of December 15, 2021, the day the Board had received the payment. As a result, the Board argued that plaintiff had received his requested relief and the action was now moot.

Choosing not to oppose the demurrer, plaintiff filed a request for dismissal without prejudice. The trial court entered the dismissal the day it was filed.

On March 13, 2023, plaintiff filed a notice of dismissal and a memorandum of costs. He sought costs in the amount of $565: $435 for filing and motion fees and $130 for service of process.

The Board filed a motion to strike the memorandum of costs. The trial court granted the Board's motion. It found that the Board was the prevailing party as a defendant in whose favor a dismissal was entered. It also found that plaintiff was not a party with a net monetary recovery as he had argued, nor did he fit under any of the other categories of prevailing parties set forth in section 1032. Accordingly, the action did not fall into section 1032's category of "situations other than as specified" which would require the court to exercise its discretion to determine the prevailing party. The court

4

stated that although the Board was not seeking costs, it was the only party entitled to costs as a matter of right, and the court had no discretion to order otherwise.

## DISCUSSION

Plaintiff contends the trial court erred by determining the Board was the only party entitled to costs under section 1032 as a matter of right and that the court was not required to determine whether it should exercise its discretion in awarding costs. Plaintiff argues that section 1032 required the court to exercise its discretion to determine the prevailing party because he recovered relief "other than monetary relief," even if another party qualified as a prevailing party under one of the statute's other categories. (§ 1032, subd. (a)(4).)

### I

### *Forfeiture*

Initially, the Board contends plaintiff has forfeited his claim that he was a prevailing party based on him recovering "other than monetary relief." (§ 1032, subd. (a)(4).) The Board argues that plaintiff did not raise this contention before the trial court and cannot raise it for the first time on appeal.

As the trial court found, the thrust of plaintiff's opposition to the Board's motion to strike was that he was a prevailing party under section 1032 because he had recovered relief akin to a net monetary recovery. But plaintiff further argued that the Board was not a defendant in whose favor a dismissal had been entered. The rationale for awarding costs is that the party to blame pays costs to the party without fault. (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1152.) The Board was the party to blame because it had misallocated his estimated tax payment. Plaintiff argued that in this context, where he obtained the relief he had sought in his complaint, the complaint became moot and he properly dismissed it. It was thus not dismissed in the Board's favor.

Plaintiff next quoted the second sentence from section 1032, subdivision (a)(4) as an argument heading: " 'If a party recovers other than monetary relief and in situations other than as specified, the "prevailing party" shall be as determined by the court . . . .' " Under this heading, plaintiff argued that because he had shown the Board was not a defendant in whose favor a dismissal was entered and thus was not the prevailing party, he was the prevailing party because he obtained the relief he had sought in the complaint and was thus entitled to costs under section 1032.

In this argument, plaintiff implied that the relief he had obtained was something other than monetary relief. The trial court rejected this argument by determining plaintiff was not the prevailing party under any of the categories set forth in section 1032. While plaintiff's argument could have been made more explicit, we conclude it sufficiently raised the issue of being the prevailing party by recovering other than monetary relief for the issue to be raised on appeal.

II

*Discretionary Determination of Prevailing Party Under Section 1032*

Generally, we review a trial court's determination of costs for abuse of discretion. (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1050.) "However, where 'the determination of whether costs should be awarded is an issue of law on undisputed facts, we exercise de novo review.' " (*Ibid*.)

Subdivision (b) of section 1032 establishes the right to costs. It states: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." (§ 1032, subd. (b).) Subdivision (a)(4) defines who is a "prevailing party." It reads:

"(a) As used in this section, unless the context clearly requires otherwise: [¶] . . . [¶]

"(4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed, may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034." (§ 1032, subd. (a)(4).)

Section 1032, subdivision (a)(4), classifies prevailing parties into two distinct groups. The first group is comprised of four categories of litigants—including a defendant in whose favor a dismissal is entered—who qualify automatically as prevailing parties. "[T]he trial court has no discretion to deny prevailing party status to a litigant who falls within one of the four statutory categories in the first prong of the provision." (*Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 975, disapproved on another ground in *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1330; accord, *Vought Construction Inc. v. Stock* (2022) 84 Cal.App.5th 622, 635.)

Section 1032 also identifies a second group—parties who recover other than monetary relief and those in situations other than as specified in the first prong of the statute—for which the trial court may exercise its discretion to determine who is the prevailing party and award costs. (*Wakefield v. Bohlin, supra*, 145 Cal.App.4th at p. 977.) The second prong, found in section 1032, subdivision (a)(4)'s second sentence, "calls for the trial court to exercise its discretion both in determining the prevailing party and in allowing, denying, or apportioning costs. It operates as an express statutory *exception* to the general rule that a prevailing party is entitled to costs as a matter of right." (*Ibid*, italics added.)

"The word 'includes' [at the beginning of section 1032, subdivision (a)(4)] is an open ended term which is expansive in scope and fails to limit the definition of the

7

prevailing party to the enumerated instances." (*Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560, 1565, disapproved on another ground in *Goodman v. Lozano, supra*, 47 Cal.4th at p. 1337.) The language in the second prong permits "parties who do not recover monetary relief or ones who do not come within the enumerated examples, . . . [to] be declared prevailing parties and awarded costs in the discretion of the court." (*Pirkig*, at p. 1566; accord, *Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1249.)

Thus, a trial court must declare a party a prevailing party under the first prong of section 1032 if that party falls within the enumerated categories, unless any party recovers other than monetary relief or the action presents a situation other than specified. Under the latter two circumstances, it falls to the discretion of the court to determine the prevailing party. The trial court is not required initially to find the first prong inapplicable, i.e., find a situation other than specified, before determining the action is an action in which "any party recovers other than monetary relief." (*Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1142-1143 [where defendant prevailed on a cross-complaint for declaratory relief, trial court should exercise discretion to determine prevailing party even though plaintiff obtained net monetary recovery]; *Lincoln v. Schurgin* (1995) 39 Cal.App.4th 100, 104-106 [trial court had discretion to determine prevailing party where plaintiffs recovered a money judgment but defendants won declaratory relief].)

Whether a party falls within one of the four categories authorizing the recovery of costs as a matter of right is a question of law we review de novo. (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 739.) The trial court rightly rejected plaintiff's contention that the relief he obtained qualified as a net monetary recovery. The court also correctly determined that the Board was a defendant in whose favor a dismissal was entered. But the court further determined that plaintiff could not qualify as the prevailing party "under any of the other categories of 'prevailing party' set forth in section 1032." We conclude

8

the court abused its discretion when it made that finding, as plaintiff recovered other than monetary relief.

" ' "The word 'recover' [as used in section 1032] means 'to gain by legal process' *or* 'to obtain a final legal judgment in one's favor.' " ' " (*DeSaulles v. Community Hospital of Monterey Peninsula, supra*, 62 Cal.4th at p. 1153, italics added.) We also consider the purpose of section 1032 in determining whether the relief plaintiff gained— the reallocation of his estimated tax payment—is a recovery within the meaning of the statute. " 'Costs are allowances which are authorized to reimburse the successful party to an action or proceeding and are in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights.' [Citations.] ' "The theory upon which [costs] are allowed to a plaintiff is that the default of the defendant made it necessary to sue him; and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault." ' [Citation.] [¶] Section 1032 codifies this approach to allocating costs. . . ." (*DeSaulles*, at p. 1147.)

Plaintiff was not an unsuccessful party. He had requested the Board to allocate his estimated tax payment to the 2021 tax year three times, to no avail. It was not until he sued the Board that the Board reallocated his payment. That he dismissed his complaint without prejudice did not erase the recovery he had gained through the legal process—a recovery that was other than monetary relief. Accordingly, it fell to the discretion of the trial court to determine which party was the prevailing party because a party recovered other than monetary relief. (See *Wakefield v. Bohlin, supra*, 145 Cal.App.4th at p. 977.)

The Attorney General contends plaintiff cannot recover costs because his recovery was not the result of a court order. Rather, it was the result of the Board resolving plaintiff's still pending administrative tax refund claim. We disagree. The Board resolved the claim only upon plaintiff suing it. And while the recovery was not the result of a court order, it was the result of legal process. Hence, costs may be available to a

9

party following a voluntary dismissal without prejudice. (See *Cano v. Glover* (2006) 143 Cal.App.4th 326, 331.)

For the reasons stated, we will reverse the trial court's order striking the memorandum of costs.

III

*Plaintiff's Additional Arguments*

In its motion to strike plaintiff's memorandum of costs, the Board contended that in addition to the Board being the prevailing party under section 1032, plaintiff could not recover costs in an action the Board argued was barred by article XIII, section 32 of the California Constitution. The Board had also raised this issue as a ground for its demurrer against the complaint.

Because the trial court determined the Board was the prevailing party and that plaintiff could not qualify as the prevailing party, the court concluded it was not necessary to address the Board's argument that plaintiff could not recover costs in an action that was constitutionally and procedurally barred.

Plaintiff contends the trial court abused its discretion by not addressing the Board's constitutional argument. He asserts that "conclusions of law on these legal issues raised by [the Attorney General] are substantive aspects of who is the prevailing party in the court's exercise of discretion 'in situations other than as specified' under Section 1032(a)(4), second sentence. These issues relate to the validity of the demurrer and the validity of the complaint."

Plaintiff also contends the trial court abused its discretion by not making findings of fact necessary to determine who is the prevailing party, and by denying plaintiff's request for judicial notice of the Board's administrative procedure manual.

Because we have found plaintiff was a party who recovered other than monetary relief, we need not address plaintiff's additional arguments concerning whether his

10

complaint was constitutionally barred or that the situation was other than as specified in section 1032. The parties are free to raise any relevant arguments to the trial court upon its reconsideration of the motion to strike.

### DISPOSITION

The order granting the Board's motion to strike plaintiff's memorandum of costs is reversed. The matter is remanded to the trial court with instructions to vacate its order granting the motion to strike, reconsider the motion to strike in a new hearing, exercise its discretion to determine who is the prevailing party, and award costs as provided in the second sentence of section 1032, subdivision (a)(4).

Costs on appeal are awarded to plaintiff. (Cal. Rules of Court, rule 8.278(a).)

 

 

 

_____

HULL, Acting P. J.

 

We concur:

 

 

_____

MAURO, J.

 

 

_____

FEINBERG, J.