Filed 11/20/25

APPELLATE DIVISION

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ORANGE

**CERTIFIED FOR PUBLICATION**

| | |
|---|---|
| GLORIA C. TREYBIG, et al., | 2024-01416924 |
| Plaintiffs and Respondents, | (Super. Ct. No. 2023-01366882) |
| v. | OPINION |
| ARACELI MEZA, et al., | |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Alma Hernandez, Judge. Reversed and remanded.

Melinda M. Luthin for Defendants and Appellants Araceli Meza, Alma Meza, Jose Ramirez, and Jacqueline Ramirez.

Steven Silverstein for Plaintiffs and Respondents.[1]

\*       \*       \*

Defendants and appellants Araceli Meza, Alma Meza, Jose Ramirez, and Jacqueline Ramirez (collectively Meza and Ramirez) appeal from an order granting a motion to strike costs filed by plaintiffs and respondents Gloria C. Treybig and Lawrence Treybig (Treybigs). We reverse and remand for further proceedings.

---

[1]     Respondents did not file a brief. Although we have discretion to decide the appeal on the record, appellant's opening brief, and oral argument of appellant, we decline to exercise our discretion to disregard oral argument offered by their counsel. (See Cal. Rules of Court, rule 8.882(c)(1)(B).)

## PROCEDURAL AND FACTUAL BACKGROUND

The Treybigs filed an unlawful detainer complaint seeking unpaid rent for October 2023 and November 2023 on residential real property occupied by Meza and Ramirez and located at 319 South Broadway, Santa Ana, California.

Prior to the scheduled trial, the Treybigs accepted payment of past due rent and allowed Meza and Ramirez to retain possession of the property. The Treybigs filed a dismissal without prejudice on May 10, 2024, followed by a dismissal with prejudice six days later.

Meza and Ramirez sought costs of $2,607.55 as prevailing parties. The Treybigs filed a motion to strike costs, accompanied by the Declaration of Steven Silverstein in which he declared after continuance of an April 25, 2024 trial date, the parties agreed to settle the action, with Meza and Ramirez agreeing to remit payment of rent for September 2023 through April 2024 and in exchange for payment, the Treybigs agreeing to allow them to remain as tenants. The Treybigs contended there was no prevailing party, but if there was a prevailing party, it was the Treybigs, because they had a net monetary recovery consistent with Code of Civil Procedure[2] section 1032, subdivision (a)(4).

In opposition, Meza and Ramirez submitted the joint declaration of Araceli Meza and Jose Ramirez wherein they declared the Treybigs brought the action based on false claims they failed to pay rent for October 2023 and November 2023 when, in fact, they tried repeatedly to pay rent for October 2023, but the Treybigs refused to accept, and/or returned uncashed, the checks they presented. They also declared the Treybigs closed the bank account into which they regularly deposited their rent checks. Consistently,

---

[2]    Undesignated references are to the Code of Civil Procedure.

Meza's and Ramirez's verified amended answer alleges they were not in default, because the Treybigs refused to accept payment of rent. Finally, they declared all the costs they claimed on the cost memorandum were paid from their own pockets.

Meza's and Ramirez's attorney Melinda Luthin submitted a declaration stating the case was meritless and the Treybigs knew it, because she informed Silverstein that Meza and Ramirez paid rent for October 2023 on several occasions and attempted to pay rent for November 2023 on several occasions, but the Treybigs refused to accept the checks. She also declared Silverstein himself refused to accept rent for October 2023, despite the fact the 3-day notice he prepared directed Meza and Ramirez to pay rent to his office. Luthin declared she warned Silverstein her clients would seek sanctions for continuing the meritless case.

Luthin declared as they were exchanging exhibits and waiting for a trial interpreter, Silverstein asked if Meza and Ramirez were interested in settling. Luthin reminded Silverstein they would lose the case and there was an attorney fees clause in the lease. Silverstein eventually stated the Treybigs would accept the rent previously refused and dismiss the case, attempting to characterize it as a settlement. Luthin "very clearly informed [] Silverstein that [Meza and Ramirez] were not agreeing to any settlement." She told him if the Treybigs refused to dismiss the case, Meza and Ramirez were going to trial and would prevail. The Treybigs subsequently dismissed the case.

There is no settlement agreement in the record on appeal, nor is there any mention of a settlement agreement having been executed or read into the record in the motion papers or during oral argument on the motion.

3

The trial court granted the motion on July 22, 2024. The court disagreed with Meza and Ramirez that no settlement occurred. The court found the Treybigs were the prevailing parties, because they received a net monetary recovery within the meaning of section 1032, subdivision (a)(4) and (b). Citing *DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1152-1153 (*DeSaulles*), the court found the definition of "prevailing party" as a defendant in whose favor a dismissal is entered (§ 1032, subd. (a)(4)) was not intended to encompass defendants that entered into a monetary settlement in exchange for dismissal. The trial court reasoned because Meza and Ramirez agreed and did pay the Treybigs rent for the months of September through April and were allowed to remain at the property, it could not be seriously argued the Treybigs did not obtain a "net monetary recovery" by settling the lawsuit, and whether the parties call the agreement a settlement is of no consequence.

Meza and Ramirez timely appeal.

## DISCUSSION

A trial court's determination a litigant is a prevailing party, along with its award of fees and costs, is reviewed for abuse of discretion. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332.) An abuse of discretion occurs when the exercise of discretion is predicated upon factual findings not supported by substantial evidence. (*Grossmont Union High School Dist. v. Diego Plus Education Corp.* (2023) 98 Cal.App.5th 552, 572, fn 5.) Substantial evidence is not the same as any evidence; evidence is substantial if it is legally ponderable and thus reasonable, credible, and of solid value. (*Eagle Fire & Water Restoration, Inc. v. City of Dinuba* (2024) 102 Cal.App.5th 448, 471.)

Section 1032, subdivision (a)(4) defines the prevailing party entitled to recover costs as "the party with a net monetary recovery, a defendant in

whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant."

Meza and Ramirez argue they are the prevailing parties because they are defendants "in whose favor a dismissal is entered." We agree.

It is uncontroverted the Treybigs filed a dismissal with prejudice. There is no settlement agreement in the record. There is no evidence of a settlement other than Silverstein's uncorroborated, conclusory, and sparce declaration.[3] In contrast, Luthin's declaration establishes in detail the circumstances around Meza's and Ramirez's refusal to settle the case, including that the unlawful detainer action never should have been filed, because the 3-day notice upon which it was based was defective given their doomed attempts to pay rent for October and November 2023. (See *Heffesse v. Guevara* (2025) 108 Cal.App.5th Supp. 74, 83 [3-day notice overstating amount of rent due cannot support unlawful detainer action]; see also *Eshagian v. Cepeda* (2025) 112 Cal.App.5th 433, 459 [when 3-day notice fails to strictly comply with section 1161(2), unlawful detainer complaint fails to state a cause of action].) Luthin's declaration is also corroborated by the joint Declaration of Araceli Meza and Jose Ramirez. Silverstein's characterization of the case as "settled" is a legal conclusion. We reject it.

Further, the trial court's reliance on *DeSaulles* is misplaced, because it is distinguishable. In *DeSaulles,* there was a settlement placed on the record to permit the court to retain jurisdiction under section 664.6. (*DeSaulles, supra,* 62 Cal.4th at p. 1145.) Here there was not.

---

[3] At oral argument, Silverstein stated there was a "written agreement" and a stipulation. Counsel did not cite to the record on appeal, and we have not located any such documents.

5

There is no substantial evidence to support the finding Meza and Ramirez are unentitled to costs. The record indicates the Treybigs accepted *previously refused rental payments* prior to trial and dismissed the action with prejudice. The trial court focused on the monetary exchange and did not analyze the merits, including that the Treybigs unexplainedly changed course to finally accept previously refused rent as trial loomed while the parties waited for an interpreter to become available. This was an abuse of discretion.

Without a finding of a valid, enforceable settlement agreed to by all parties, Meza and Ramirez were "defendant(s) in whose favor a dismissal is entered" within the meaning of section 1032, subdivision (a)(4). As prevailing parties, they are entitled to costs as a matter of right.

## DISPOSITION

The judgment is reversed and remanded for further proceedings. Meza and Ramirez are entitled to costs on appeal.


_____
Kimberly A. Knill
Presiding Judge


WE CONCUR:


_____
Thomas S. McConville
Judge


_____
Megan L. Wagner
Judge


6